1  Gary Leibowitz, SBN: 91670
   Aaron L. Lipeles, SBN: 258401
2  Daniel J. Leibowitz, SBN: 258466
   Leibowitz Law Group
3  4012 Katella Ave., Suite 104
   Los Alamitos, CA 90720
4  Phone:  (562) 430-6002
   Fax:    (562) 430-8187
5  Email:  Attorneygary@gmail.com

6

7  Attorney for Debtors
   KENT THOMAS ZIMMER AND STACIE LOUISE ZIMMER

8

9

10                 UNITED STATES BANKRUPTCY COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                       SANTA ANA DIVISION

13

14 | In Re:                          ) BKY. CASE NO.: 8:09-18916-ES
                                    )
15 | KENT THOMAS ZIMMER and          ) ADV. Case No.: 8:09-01774-ES
   | STACIE LOUISE ZIMMER            )
                                    ) CHAPTER 7
16 |                                 )
        Debtors.                    ) NOTICE OF MOTIONS; MOTION FOR
17 |                                 ) DISMISSAL OF COMPLAINT PURSUANT
                                    ) TO FEDERAL RULE OF CIVIL
18 | _____ ) PROCEDURE SECTION 12(b)(6) AND
                                    ) MOTION FOR MORE DEFINITE
   | KOREN BARRETT,                  ) STATEMENT PURSUANT TO FEDERAL
19 |                                 ) RULE OF CIVIL PROCEDURE SECTION
        Plaintiff,                  ) 12(e); MEMORANDUM OF POINTS AND
20 |                                 ) AUTHORITIES IN SUPPORT THEREOF
                                    )
21 |        vs.                      )
                                    ) Hearing Date:  March 16, 2010
22 | KENT THOMAS ZIMMER and          ) Time:          2:00 PM
   | STACIE LOUISE ZIMMER            ) Courtroom:     5A
23 |                                 )
                                    )
24 |                                 )
                                    )
25 |                  Defendant.     )

26 | ///

27 | ///

28 | ///

                              -1-

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE;

WENETA KOSMALA CHAPTER 7 TRUSTEE; THE UNITED STATES TRUSTEE; AND

ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that on March 16, 2010 at 2:00 p.m., or as soon thereafter as

the matter may be heard before the Honorable Erithe A. Smith, United States Bankruptcy Judge,

in the Santa Ana Bankruptcy Court, Courtroom 303, 411 West Fourth Street, Suite 5041 Santa

Ana, CA 92701-4593, the Debtors/Defendants Kent Thomas Zimmer and Stacie Louise Zimmer

("Defendants"), by and through their counsel, will move the Court for Dismissal of Complaint

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and for a More Definite Statement Pursuant

to Federal Rule of Civil Procedure 12(e).


Respectfully submitted by


Dated: January 8, 2010                                              LEIBOWITZ LAW GROUP


                                                                    DANIEL J. LEIBOWITZ, ESQ.
                                                                    Attorneys for Defendants

///

///

///

///

///

///

///

///

///

///

///

-2-

MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

## **MOTION**

Defendants KENT THOMAS ZIMMER AND STACIE LOUSIE ZIMMER (collectively referred to as "Defendants") hereby move this Court to dismiss all purported claims of Pro Se Plaintiff KOREN BARRETT ("Plaintiff") or, in the alternative, order Plaintiff provide a More Definite Statement per Federal Rule of Civil Procedure 12(e):

IN SUPPORT THEREOF, Defendants assert the following:

1.        Defendants move the Court to dismiss all Plaintiff's claims for relief pursuant to Federal Rule of Civil Procedure 12(b)(6), Bankruptcy Code Sections 523(a)(2) and (4), and Bankruptcy Code Sections 727 (c)(d) & (e) on the grounds that Plaintiff fails to state a claim for relief, including on the following grounds:

2        Plaintiff fails to establish claims under Bankruptcy Code Sections 727 (d) and (e) by failing to allege that a discharge has been entered in Defendants' underlying Chapter 7 Bankruptcy, Case Number 8:09-18916-ES; thus a revocation of a discharge cannot take place prior to Debtors receiving a discharge.

3.        Plaintiff fails to allege facts that constitute any basis for denial of discharge under Bankruptcy Code § 727.

4.        Plaintiff fails to allege facts establishing a willful and malicious injury per Bankruptcy Code § 523(a)(6).

5.        Plaintiff fails to allege facts establishing the requisite intent required for a Claim under Bankruptcy Code § 523(a)(6).

6.        Plaintiff fails to allege facts with the required specificity to establish Fraud under Bankruptcy Code § 523(a)(2).

7.        Plaintiff fails to allege requisite facts to establish embezzlement under Bankruptcy Code § 523(a)(4).

8.        Plaintiff fails to allege requisite facts establishing larceny under Bankruptcy Code § 523(a)(4).

9.       Should this Court find that Plaintiffs not be dismissed, Defendants request this Court order Plaintiff to prepare a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) based on the following:

10.       Plaintiff's Complaint is so vague and ambiguous that Defendants cannot reasonably prepare a response.

11.       Complaint fails to conform to Federal Rule of Civil Procedure 10(b) in that it does not separate each claim into a separate numbered paragraph.

12.       Should this Court find that Defendants should not be dismissed and that Plaintiffs not be ordered to prepare a more definite statement pursuant to Rule of Civil Procedure 12(e), Defendants request this Court grant at least twenty (20) days to Answer the Plaintiff's Complaint.

## PRAYER

WHEREFORE, Defendant prays that this Court grant the following relief:

1.       that this Court dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief can be granted;

2.       order Plaintiff prepare a more definite statement pursuant to Federal Rule of Civil Procedure 12(e);

3.       and for such other relief as this Court deems proper.


Respectfully submitted by

Dated: January 8, 2010                         LEIBOWITZ LAW GROUP


                                               DANIEL J. LEIBOWITZ, ESQ.
                                               Attorneys for Defendants

MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

On August 25, 2010, Debtors Kent and Stacie Zimmer filed a petition for relief under Chapter 7 of the Bankruptcy Code, Case Number 8:09-18916-ES. Koren Barrett was included as an unsecured non-priority creditor in the said bankruptcy.

On December 4, 2010, Pro Se Plaintiff, Koren Barrett, ("Plaintiff") filed an adversary complaint against Debtors Kent and Stacie Zimmer ("Defendants"). The Complaint consists of a list of "Allegations," which are presumptively the Claims being asserted by the Plaintiff and a letter written in narrative form, which includes a list of relevant and other irrelevant facts. Based on the Complaint in its present form, it is unclear, which facts are intended to be applied to each of the Claims listed under the "Allegations" section.

Plaintiff's Adversary Complaint appears to be based upon money owed Plaintiff by Defendants pursuant to several oral agreements purportedly entered into between the parties. Among the agreements described in the Complaint are: (1) a sublease agreement for a room to see patients (Complaint, Page 1, Paragraph 2), a profit sharing agreement (*Id.* at Page 1, ¶ 2), an agreement based upon payment of a percentage of "supplement sales" (Id. at P. 1, ¶ 3), an agreement to sublet "Suite A" (Id. at Page 3, Paragraph 3) and an agreement to purchase office supplies (Id). Plaintiff's Complaint discusses each of the above agreements interchangeably so as to make it nearly impossible to decipher which damages are purportedly assigned to each agreement and apparent breaches of the above agreements are alleged by Plaintiff to be fraudulent in nature.

**II.    ARGUMENT**

**B.    LEGAL STANDARD**

The provisions of Federal Rules of Civil Procedure relied upon in this Motion are incorporated by reference through Federal Rules of Bankruptcy Procedure Rule 7012(b).

Pursuant to Federal Rule of Civil Procedure 8(a)(2) a federal Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the Plaintiff is required to provide more than "labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Rather, the complaint

must allege sufficient facts to raise a right to relief above the speculative level. *Id.*

In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint

as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S.

163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Courts must also construe all reasonable

inferences in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F.3d 1023, 1028

(9th Cir. 2003).

## A.    PLAINTIFF HAS FAILED TO ASSERT ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED ON THE CLAIM FOR OBJECTION/REVOCATION OF DISCHARGE BASED ON 727(c)(d) & (e)

Plaintiff fails to state a claim based on Bankruptcy Code §§ 727(c)(d) and (e), because a

discharge has not been entered against Defendants in the underlying Chapter 7 Bankruptcy.

Bankruptcy Code § 727(c) merely outlines the standing requirements for a party to object

to the discharge of a Debtor. Bankruptcy Code § 727(d) states that "the court shall ***revoke a***

***discharge*** . . ." in certain cases.    Bankruptcy Code § 727 (d) provides the bar date for bringing

an action under 727. (Bankruptcy Code §§ 727(c)(d) & (e) (emphasis added)).

From the statutory language, it is clear that a discharge must first be entered against

Debtors before a plaintiff can sustain a claim based on 727(c). In the case at hand, Plaintiff fails

to allege that a discharge has been entered against Defendants in the underlying bankruptcy.

Thus, a Claim under 727(c) is not ripe and this Court cannot grant relief based on Bankruptcy

Code §§ 727 (c)(d) & (e).

## B.    PLAINTIFF HAS FAILED TO ASSERT ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED ON THE CLAIM FOR OBJECTION TO DISCHARGE BASED ON WILLFUL AND MALICIOUS INJURY PER 523(a)(6)

Plaintiff has failed to plead facts that can be construed as the basis for a willful and

malicious per Bankruptcy Code § 523(a)(6).

An injury is considered willful under 523(a)(6) when there is a "subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." *In re Su*, 290 F.3d 1140, 1142 (9th Cir. 2002). A malicious injury is an intentional, wrongful act that causes injury for which there is no just cause. *In re Jercich*, 238 F.3d 1202, 1209 (9th Cir. 2001).

In the Complaint, Plaintiff alleges that the Defendants failed to pay the Defendant certain sums of money pursuant to three separate oral agreements, but fails to plead any facts establishing the basis for a willful and malicious injury (Complaint at Page 3, paragraph 2). The only fact that can be perceived as an attempt at alleging a willful and malicious injury is Plainiff's allegation that during the negotiations to sublease Suite A, "... Kent [Defendant] when he was particularly upset, he threatened 'things are really going to change'." (Complaint, page 2, Paragraph 3). Such a general statement is insufficient to prove a basis for believing that Plaintiff had a subjective motive to inflict injury on Plaintiff.

Moreover, the fact that Plaintiff alleges that the Defendants "knew they were not going to remit to me my patient fees and yet continued to collect money from me for July rent" does not establish malicious intent necessary to state a claim under 523(a)(6) (Complaint at Page 2, Paragraph 5).[1] Rather, the said allegation merely proves that the insolvent Defendants were aware they owed Plaintiff money under an oral agreement.

### C. PLAINTIFF HAS FAILED TO ASSERT ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED ON THE CLAIM FOR OBJECTION TO DISCHARGE BASED ON LARCENY/EMBEZZLEMENT PER 523(a)(4)

Plaintiff has failed to plead facts that can be construed as the basis for maintaining an action under Federal Rule of Civil Procedure Section 523(a)(4).

---

[1] Moreover, the facts set forth in Page 2, Paragraph 5 of the Complaint, seem to be an admission of a violation of the automatic stay. Plaintiff admits to meeting Debtor at a Starbucks to discuss reaffirming the subject debt.

MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

For the purpose of section 523(a)(4), bankruptcy court "follows federal common law, which defines larceny as a 'felonious taking of another's personal property with intent to convert it or deprive the owner of the same.'" 4 *Collier on Bankruptcy* ¶ 523.10[2] (15th ed. Rev. 2008). Plaintiff pleads that:

> The money collected on my behalf by the Zimmers was retained illegally. The money was not a loan, they did not borrow this money, they stole it (Complaint, Page 3, Paragraph 3).

Presumptively, the "money" Plaintiff is referring to in the above allegation is "money" that was retained by Defendants pursuant to either the profit sharing agreement or the agreement to share a percentage of supplement sales as described in Plaintiff's Complaint (Complaint, Page 1, Paragraphs 2 & 3). By failing to pay money owed Plaintiff pursuant to the said oral agreements, Defendants did not commit larceny, but breached the oral agreement(s). Plaintiff does not allege that the insolvent Defendants tricked them into paying the money, but only that Defendants failed to pay all sums due pursuant to each agreement. Such allegations are insufficient to state a claim for larceny, which requires a felonious taking.

Embezzlement in the context of nondischargeability requires three elements: (1) property rightfully in the possession of a nonowner; (2) nonowner's appropriation of the property to a use other than that to which it was entrusted; and (3) circumstances indicating fraud. *In re Littleton*, 942 F.2d 551, 555 (9th Cir.1991).

In the case at hand, Plaintiff fails to assert any "circumstances indicating fraud" related to Defendants' retention of the subject funds. Plaintiff's general allegation that "Kent Zimmer has shown a history of misrepresentation, lacks credibility, and has clearly exhibited mal-intent" is insufficiently specific to sustain a fraud action (Complaint, Page 3, Paragraph 3).

As such, Defendants have failed to state a cause of action based on Bankruptcy Code § 523(a)(4).

**D.    PLAINTIFF HAS FAILED TO ASSERT ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED ON THE CLAIM FOR OBJECTION TO DISCHARGE BASED FRAUD PER 523(a)(2)**

Plaintiff has failed to plead facts that can be construed as the basis for fraud per Bankruptcy Code § 523(a)(2). In order to establish that a debt is nondischargeable under Section 523(a)(2)(A), a creditor must establish the following five elements:

> (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct. *Turtle Rock Meadows Homeowners Ass'n v. Slyman*, 234 F. 3d 1081, 1085 (9th Cir. 2000).

In addition, fraud must be pled with a heightened specificity. Federal Rule of Civil Procedure 9(b) requires that in alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Therefore, Plaintiff's general allegation that "Kent Zimmer has shown a history of misrepresentation, lacks credibility, and has clearly exhibited mal-intent" is insufficiently specific to sustain a fraud action (Complaint, Page 3, Paragraph 3).

In the case at hand, Plaintiff has failed to plead facts sufficient to establish a claim based on 523(a)(2)(A). The only perceivably fraudulent conduct pled in the Complaint is the allegation that Defendants opened accounts in Plaintiff's name without her knowledge. (Complaint, Page 2, Paragraph 3). However, there were no damages proximately caused by the alleged deceptive conduct, because Plaintiff admitted that she "took the money owed to Kent and Stacie ($3,627.65) and sent it directly to those companies." (*Id.*) Thus, Plaintiff's allegations do not constitute an action for fraud per 523(a)(2)(A).

**E.    PLAINTIFF HAS FAILED TO PROVIDE A SUFFICIENTLY DEFINITE STATEMENT**

Federal Rule of Civil Procedure Section 12(e) states:

MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Plaintiff's Complaint fails to conform to Federal Rule of Civil Procedure 10(b) in that it does not separate each claim into a separate numbered paragraph. Since the Complaint is not on numbered pleading paper, it is extremely difficult to reference certain lines

Moreover, substantively, the Complaint fails to clearly plead facts allocated to each separate Claim  As formatted, Plaintiff merely, lists several code sections under a section entitled "Allegations" and writes a long winded letter containing both relevant and irrelevant factual allegations below. In its present form it is extremely difficult to decipher, which which facts are intended to be applied to each of the Claims listed under the "Allegations" section.

If this Complaint is not dismissed in its entirety, Defendants request that this Court order that Plaintiff provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

## III.    CONCLUSION

For all the foregoing reasons, Defendants' Request that its Motio to Dismiss be granted in its entirety. In the alternative, if this Court does not dismiss the Complaint in its entirety, Defendants request that this Court order Plaintiff provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e)

Dated: January 8, 2010                    LEIBOWITZ LAW GROUP


                                          DANIEL J. LEIBOWITZ, ESQ
                                          Attorneys for Defendants

MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

| In re:<br>Zimmer, Kent and Stacie<br><br>Debtor(s). | CHAPTER 7<br>CASE NUMBER 8:09-01774-ES |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4050 Katella Ave., Ste. 201, Los Alamitos, CA 90720

A true and correct copy of the foregoing document described NOTICE OF MOTIONS; MOTION FOR DISMISSAL OF COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE SECTION 12(b)(6) AND MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE SECTION 12(e); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 1/8/10_____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

United States Trustee, ustpregion16.sa.ecf@usdoj.gov
Chapter 7 Trustee, Weneta.Kosmala@7trustee.net

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On ___1/8/10_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Koren Barrett
505 Larkspur
Corona Del Mar, CA 92625

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____1/8/10_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Personal Delivery to the Erithe Smith

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/8/10 | Daniel Leibowitz | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

January 2009                                                                                                            **F 9013-3.1**