Summons and Notice of Status Conference - *Page 2*                                F 7004-1

| In re              (SHORT TITLE) | CASE NO.: 8:09-18916-ES |
|---|---|
| KOREN BARRETT         Debtor(s). | 8:09-01774-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

8485 E. McDONALD DR. #274
SCOTTSDALE, AZ 85250

A true and correct copy of the foregoing document described as SUMMONS AND NOTICE OF STATUS CONFERENCE — KENT & STACIE ZIMMER will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

FILED
FEB 11 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 12-20-09 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Erithe A Smith

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12-20-09 | CHARLEY JOHNSTON | *(signature)* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*                                                              F 7004-1

| Summons and Notice of Status Conference - *Page 3* | | F 7004-1 |
|---|---|---|
| In re<br>KOREN BARRETT | (SHORT TITLE) | CASE NO.: 8:09-18916-ES |
| | Debtor(s). | 8:09-01774-ES |

**ADDITIONAL SERVICE INFORMATION** (if needed):

The documents were mailed from the Corona Del Mar Post Office on 12-20-09 via first class mail. Two envelopes were mailed — one to Kent Thomas Zimmer at 24 Breakers Lane, Aliso Viejo CA 92656, and the second envelope to Stacie Louise Zimmer at 24 Breakers Lane, Aliso Viejo CA 92656. The envelopes + documents were mailed to the defendants on Dec. 20, 2009.

*[signature]*

B 104 [08/07]

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| PLAINTIFFS<br>Koren Barrett<br>505 Larkspur<br>Corona Del Mar CA 92625<br>949-689-8978 | DEFENDANTS<br>Kent Thomas and Stacie Louise Zimmer<br>24 Breakers Lane<br>Aliso Viejo CA 92656<br>714-813-1607 |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known)<br>Gary Leibowitz<br>4050 Katella Ave ste 201<br>Los Alamitos CA 90720<br>562 430 6002 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☑ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

i am not a creditor because this was not a loan. I entrusted Kent and Stacie Zimmer to collect finds from my patients on my behalf. They did not remit these funds to me for the dates of April 28th to May 31st. This constitutes larceny and fraud. There is further evidence that those funds were collected with the intent of willful injury. Please see attached sheet.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 - Recovery of money/property - § 542 turnover of property
☐ 12 - Recovery of money/property - § 547 preference
☐ 13 - Recovery of money/property - § 548 fraudulent transfer
☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☑ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
☑ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☑ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 - Dischargeability - § 523(a)(5), domestic support
☑ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 - Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
☑ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 - Injunctive relief - reinstatement of stay
☐ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01 - Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et.seq.
☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 14,938.24 |

Other Relief Sought
Do not discharge Kent and Stacie Zimmer's liability to Koren Barrett for the amount os $14,938.24

B 104

B 104 (Page 2) [08/07]

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Kent Thomas and Stacie Louise Zimmer | | BANKRUPTCY CASE NO.<br>8:09-bk-18916-ES |
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br>12/4/09 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Koren Barrett |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Bankruptcy case 8:09-bk-18916-ES

December 4, 2009
Adversary proceeding

Plaintiff
Koren Barrett
505 Larkspur
Corona Del Mar CA 92625
949-689-8978

Defendants
Kent Thomas Zimmer
24 Breakers Lane
Aliso Viejo CA 92656
714-813-1607

Stacie Louise Zimmer
24 Breakers Lane
Aliso Viejo CA 92656
714-742-2740

Jurisdiction – Central District of California

Allegations;
Objection /revocation of discharge 727(c), (d), (e)
Dischargeability willful and malicious injury 523(a)(6)
Dischargeability fraud 523(a)(2)
Dischargeability embezzlement/larceny 523(a)(4)

Beginning November 2008 I occupied a room at 1831 Orange Ave suite A/B leased and operated by Kent and Stacie Zimmer. Our verbal agreement was the following:

In exchange for occupying a room (including rent & utilities) and front desk support for scheduling and assisting my patients I would pay to Kent and Stacie $1,600 monthly and 15% on all my earnings above $1,600. The arrangement was that Kent and Stacie collected money from my patients on my behalf then remitted it to me minus their fees. Money would be collected from the 20th to the 25th of each month then remitted to me on the last day of the month and again the 26th -10th of the following month, remitted on the 15th.

Kent and Stacie did not return to me my money for April $28^{th}/29^{th}$ ($2,129.75) and the entire month of May ($7,830.84) which totals $9,960.59 (this figure represents my patients payments minus the fees paid to Kent and Stacie). We also had an agreement they would pay me a percentage of supplement sales which totaled $1,350 for that time period. My money was to be remitted to me bimonthly (every two weeks). The last check I received was on 4-30-09. I should have received another check again on 5-15-09

1/3

(for April 26th ot May 10th), 5-31-09 (for May 10th to May 25th) and on June 15th (for May 25th until I left on May 31st).

In mid May my business partner and I began negotiations to sublease Suite A from the Zimmers. The negotiations were challenging and during one conversation with Kent when he was particularly upset, he threatened "things are really going to change".

We signed a sublease beginning in June at which time I paid 1st months rent $3,224.65, and Deposit $3,627.65 (which was never given to the landlord). I also paid in exchange for cabinets, and desks $4,047.60 on 5/26/09 from their business. I then paid at the end of June the rent for July of $3,224.65 (which was never given to the landlord). I also paid $390 on May 28 2009 for other office accessories (printer/scanner). I was to pay Kent and Stacie $3,215.07 for medicinary / supplements I was buying from them. It came to my attention on May 29th that the accounts at the companies from which these supplements had been purchased had been opened in my name (unbeknownst to me) and had outstanding balances. I took the money owed to Kent and Stacie ($3627.65) and sent it directly to those companies (that amount only partially covered the balances on those accounts).

It came to my attention that Kent and Stacie had no intention of remitting to me my patient fees after numerous requests that they do so. I learned of their intention to file bankruptcy July15th (through email correspondence) which they did not actually file until August 25th.

In mid May I also learned that I would not be receiving my deposit back directly from the Zimmers for $3,627.65.

On 8/20/09 I signed a new lease for suite A directly with the property owners/landlord. I had to pay a new deposit for the suite as any deposits the Zimmers paid had been forfeited due to outstanding rent and money owed on a private loan to the owner/landlord.

I met with Stacie Zimmer on September 30th at the Starbucks on 17th st in costa mesa to discuss with her the possibility of reaffirmation. Stacie at that time stated her confusion as to why I paid the money to the supplement companies directly as those dollars were earmarked by Kent to be paid to me in part for the money collected on my behalf for patients seen during April/May. This proves that at the time I paid those funds on 6/1/09 to the Zimmers they knew they were not going to remit to me my patient fees and yet continued to collect money from me for July rent.

I attended their meeting of creditors on October 5th 2009 at the United States Bankruptcy Court. At that time Kent Zimmer declared under oath they had not received any money/assets from the dissolution of their company, this was untrue as I had personally paid them $4,437.60 for assets (cabinets, desks & scanner) that came from their company at the time of dissolution. I am also aware that the business owner in 1831 Orange ave ste B paid money to the Zimmers for business assets as she purchased their business

2/3

"Serenity Wellness" and changed the name to "Embrace Health" after discovering the significant problems with the business she had purchased.

In total the Zimmers owe me $14,938.24 ($9,960.59 in patient fees they collected on my behalf, $1350 for supplement percentage and $3,527.65 for security deposit for suite A).

The money collected on my behalf by the Zimmers was retained illegally. The money was not a loan, they did not borrow this money, they stole it. I am not a creditor this was my money and they had no right to keep it. Kent Zimmer has shown a history of misrepresentation, lacks credibility and has clearly exhibited mal-intent.

The relief I am seeking from the court is to not discharge Kent and Stacie's liability to me for the amount of $14,938.24.

Thank you for your consideration.

Koren Barrett

3/3